NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| WILLIAM ERHART, *et al.*, | |
| Plaintiff(s), | Civil No. 17-3016 (RBK/JS) |
| v. | **OPINION** |
| PLASTERERS LOCAL 8 ANNUITY FUND, *et al.*, | |
| Defendant(s). | |

**KUGLER**, United States District Judge:

**THIS MATTER** having come before the Court upon defendants Plasterers Local 8 Annuity Fund and Joseph Diehl's ("Defendants") motion to dismiss plaintiffs William Erhart, Colleen Erhart, Thomas Cox, Arthur Crandell, Jason Derby, Patrick Jones, Carl E. Montgomery, Charles Parks, John F. Pearcy, Mark Riess, Matthew J. Schwegel, Cynthia Scipione, and Jorge Vasquez's ("Plaintiffs") complaint. For the reasons discussed below, the motion is **GRANTED** and Plaintiffs' complaint is dismissed without prejudice.

**I.     BACKGROUND[1]**

Jurisdiction

Plaintiffs allege that Defendants wrongfully denied them employment benefits. (*See* Compl. at 2). Plaintiffs are all New Jersey residents and participants in Plasterers Local 8

---

[1] On a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must "accept all factual allegations as true and construe the complaint in the light most favorable to the Plaintiff." *Phillips v. Cty. Of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). Accordingly, for purposes of this motion, the Court adopts and accepts as true the facts as pled in the Complaint.

("Local 8") Annuity Fund ("Fund"), currently administered by Cement Masons & Plasterers Local Union No. 592 of Eastern Pennsylvania ("Local 592"). (*Id.* at 3-4). Defendant Fund is an employee benefit fund and plan for the purposes of the Employee Retirement Income Security Act of 1974 ("ERISA") Section 404(c).[2] (*Id.* at 4); 29 CFR § 2550.404c-1(b)(1). Defendant Joseph Diehl ("Diehl") is the fund administrator.[3] (Compl. at 4). This Court has jurisdiction of this case pursuant to Section 502(e)(1) of ERISA, 29 U.S.C. § 1132(e)(1). (*See also* 28 U.S.C. § 1331). Venue is appropriate in this District pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), because the breach allegedly occurred here.

Factual Background

Plaintiffs are, or were,[4] employees of Jersey Panel Corporation/Baruffi ("Baruffi"). (Compl. at 5). Baruffi was a party to a Collective Bargaining Agreement ("CBA") with Local 8. (*Id.*). Local 8 negotiated the CBA that covered Baruffi employees and the CBA was renewed every three years. (*Id.*). In 2015, Local 8 merged with Local 592. (*Id.*). Local 592 took over as the administrator of the Fund. (Compl. at 5-6). Baruffi and Local 592 did not come to an agreement after the existing CBA expired. (*Id.* at 6). Baruffi then signed a new contract with Local 5 of Bricklayers and Allied Craftworkers ("Local 5") in 2016. (*Id.*). This agreement has different benefits and contribution levels and is administered by a different plan administrator. (*Id.*). Plaintiffs subsequently left Local 8 and became members of Local 5. (*Id.*).

The terms of the Local 8 Fund Plan Document ("Plan Document") provide that if no contributions are made for twelve months or more, a participant in the Fund is free to request a

---

[2] Local 592 is currently administered at 2843 Snyder Avenue, Philadelphia, PA 19145. (Compl. at 4).
[3] Diehl's offices are also located at 2843 Snyder Avenue, Philadelphia, PA 19145 (*Id.*).
[4] This is unclear from the Complaint. The only Plaintiffs mentioned are William Erhart and "Mrs. Erhart" (presumably Colleen Erhart).

2

distribution. (Compl. at 6). None of the Plaintiffs have made contributions to the Fund for over twelve months. (*Id.*). In a letter dated December 29, 2014, prior to the merger of Local 8 and Local 592, BPI[5] informed Mr. Erhart of the forms he needed to fill out in order to make a claim for benefits. (*Id.*).

On or about December 20, 2016, Mr. Erhart telephoned Diehl and requested that Diehl provide him with instructions on how to withdraw his Fund balance and requested that Diehl send him the required forms. (Compl. at 7). Diehl told him that he could not take out his account balance. (*Id.*). Mr. Erhart told Diehl that he wanted his money out and that he did not want to pay the $40 administrative fee. (*Id.*). Diehl told Mr. Erhart that he could get Mr. Erhart's money if Mr. Erhart returned to Local 8 (now Local 592). (*Id.*). Mr. Erhart was not provided with the plan documents, forms, or any other communications from Diehl. (*Id.* at 6-7). Mr. Erhart did not contact Diehl again. The other Plaintiffs never contacted Defendants.

Plaintiffs now bring four claims: "wrongful denial of benefits pursuant to ERISA Section 502(a)(1)(B)" (Count One); "wrongful violation of the terms of the plan and the provisions of ERISA pursuant to ERISA Section 503, 29 U.S.C. [§] 1133" (Count Two); "claim for statutory penalties against Joseph Diehl for failure to provide requested information pursuant to ERISA § 502(a)(1)(A), 29 U.S.C. [§] 1132(a)(1)(A) and § 502(c)(1), 29 U.S.C. § 1132(c)(1)" (Count Three); and "claim against Joseph Diehl for interference pursuant to ERISA § 510 and 29 U.S.C. [§] 1140" (Count Four).

---

[5] "BPI" is a mystery to this Court. It is mentioned on page 6 of the Complaint with no context or explanation of any kind.

The Fund Plan Document

The Plan Document in dispute in this case was made effective on May 1, 2014. Some of the operative terms and requirements will be paraphrased below.

Section 3.5 provides that a Fund participant who has performed no services for a qualifying employer for at least twelve months can withdraw his or her accumulated share upon application for benefits.

Section 7.1 states that all claims "shall be made in writing on the appropriate form furnished to the applicant by the Fund Office." Each claim made to the Claims Coordinator will be approved or disapproved within 90 days. Section 7.2 sets out the requirements for notice to the Claimant upon such a request and how a Claimant may appeal a decision by the Claims Coordinator.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss an action for failure to state a claim upon which relief can be granted. When evaluating a motion to dismiss, "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). In other words, a complaint survives a motion to dismiss if it contains sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

To make this determination, a court conducts a three-part analysis. *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010). First, the court must "tak[e] note of the

elements a plaintiff must plead to state a claim." *Id.* (quoting *Iqbal*, 556 U.S. at 675). Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 131 (quoting *Iqbal*, 556 U.S. at 680). Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Id.* (quoting *Iqbal*, 556 U.S. at 680). This plausibility determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. A complaint cannot survive where a court can only infer that a claim is merely possible rather than plausible. *Id.*

As a general matter, a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). This rule rests on the concern that considering documents outside the complaint would prejudice the plaintiff, who would lack notice to challenge them. *Id.* However, a "document integral to or explicitly relied upon in the complaint may be considered without converting the motion [to dismiss] into one for summary judgment." *Id.* (citations and quotations omitted). "Where plaintiff has actual notice . . . and has relied upon these documents in framing the complaint," it removes the risk of prejudice. *Id.* (citing *Watterson v. Page*, 987 F.2d 1, 3-4 (1st Cir. 1993)). This exceptions seeks to prevent "the situation in which a plaintiff is able to maintain a claim of fraud by extracting an isolated statement from a document and placing it in the complaint, even though if the statement were examined in the full context of the document, it would be clear that the statement was not fraudulent." *Id.*

## III. DISCUSSION

Thirteen Plaintiffs brought this case because Diehl allegedly did not provide one of them, Mr. Erhart, with the forms necessary to request a distribution when Mr. Erhart requested these forms over the phone. In the Third Circuit, any plaintiff in any ERISA case must first at least attempt to use the available administrative remedies under the particular ERISA plan. *Harding v. Provident Life & Accident In. Co.*, 809 F.Supp.2d 403, 420 (W.D. Pa 2011) (citing *D'Amico v. CBS Corp.*, 297 F.3d 287, 291 (3d Cir. 2002); *Harrow v. Prudential Ins. Co. of Am.*, 279 F.3d 244, 249 (3d. Cir. 2002); *Weldon v. Kraft, Inc.*, 896 F.2d 793, 800 (3d Cir. 1990)). "Courts require exhaustion of administrative remedies to 'help reduce the number of frivolous lawsuits under ERISA; to promote the consistent treatment of claims for benefits; to provide a nonadversarial method of claims settlement; and to minimize the costs of claims settlement for all concerned." *Harrow*, 279 F.3d at 249 (citing *Amato v. Bernard*, 618 F.2d 559, 567 (9th Cir. 1980)).

Plaintiffs never made any sort of written request to Defendants for the forms or a written application for benefits. (Compl.). Instead, Mr. Erhard asked about these forms and the benefits one time over the phone. Mr. Erhart—and the other Plaintiffs—then decided to sue.

Defendants are correct when they characterize this case as a rush to the Courthouse. (Def. Br. at 9). Plaintiffs claim that Defendants "denied them access" by refusing to furnish Mr. Erhart with the forms. (Pl. Br. at 24). This is a creative way of saying that Mr. Erhart was the only Plaintiff alleged to have ever even discussed the matter with Defendants.[6] (Compl.). This is *exactly* the sort of case which *Harrow* and *Amato* cautioned against. 279 F.3d at 249; 618 F.2d at 567.

---

[6] Raising questions about the other Defendants' standing in this case.

Put simply, this Court cannot entertain the ERISA claims presented in this case because Plaintiffs failed to exhaust—or even formally pursue—the remedies admittedly available under the plan. *Weldon*, 896 F.2d at 800. Because all of Plaintiffs claims are ERISA claims, they must all be dismissed for the same reason.

## IV. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss Plaintiffs' Complaint is **GRANTED**.

Dated:   03/12/2018                                           _s/Robert B. Kugler__
                                                              ROBERT B. KUGLER
                                                              United States District Judge